IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

          Plaintiff,

v.

WARDEN RANDY GROUNDS, et al.,

          Defendants.

_____/

No. C 11-04738 SBA (PR)

**ORDER SERVING COGNIZABLE CLAIMS; AND ADDRESSING PLAINTIFF'S PENDING MOTIONS**

(Docket nos. 5, 6, 8, 12)

**INTRODUCTION**

Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility (CTF), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He alleges that Defendants violated his constitutional rights while he was housed at CTF in 2010. He has filed a motion for leave to amend his complaint to add certain Defendants (docket no. 5), a motion for appointment of counsel (docket no. 6), another motion for leave to amend the complaint in regards to damages (docket no. 8), and a document entitled, "Request[] [For] Info[rmation] On Outstanding Civil Case Numbers" (docket no. 12), which the Court liberally construes as a request to screen the complaint. All the aforementioned motions will be addressed below. He has also filed a motion for leave to proceed in forma pauperis (docket no. 10), which will be granted in a separate written Order. Plaintiff seeks monetary damages and injunctive relief.

Venue is proper because the events giving rise to the claim are alleged to have occurred at CTF, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants, all of whom are all prison officials at CTF: Warden Randy Grounds; Facility Captain Silva; Lieutenant Whisenhunt; Facility Lieutenant Holman; Chief Medical Officers (CMOs) Gerald A. Ellis and M. Sepulveda; Physician Rosana Lim Javate; Nurse Practitioner Saathoff; Supervising Registered Nurse Lauber; and "1-50 John or Jane Does." The Court notes that only Defendants Grounds, Whisenhunt, and Javate are listed as named Defendants in this action; therefore, it directs the Clerk of the Court to add the other aforementioned CTF prison officials as named Defendants.

Plaintiff seeks leave to amend the original complaint to add CTF Correctional Officer Leo Amaya and CTF Correctional Sergeant Verdesoto as named Defendants.  (Docket no. 5.)  The Court GRANTS this motion and directs the Clerk to add Defendants Amaya and Verdesoto as named Defendants in this action.

The Court GRANTS Plaintiff's motion to screen the complaint (docket no. 12).  The Court now reviews the allegations in the complaint and addresses Plaintiff's other pending motions below.

### DISCUSSION

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**II.    Legal Claims**

**A.    Deliberate Indifference Claim**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary

1   and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). A prison official is deliberately

2   indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards

3   that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837

4   (1994).

5          "A difference of opinion between a prisoner-patient and prison medical authorities regarding

6   treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

7   1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to

8   pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate

9   indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th. Cir. 2004); Sanchez v. Vild, 891

10  F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

11         Plaintiff claims that he suffers pain due his herniated spine and damaged left knee. (Compl.

12  at. 8.) He alleges the pain was severe enough that medical staff prescribed "narcotic" medication to

13  alleviate his pain. (Id.) Plaintiff claims that on October 28, 2010, Defendants Javate and Saathoff

14  terminated his prescription for "narcotic" medicine causing extreme withdrawal symptoms and

15  depriving him of proper medication for his severe neck and knee pain. (Id. at 12-14.)

16         Plaintiff's allegation that Defendants Javate and Saathoff caused him severe pain after they

17  refused to prescribe him proper medication states a cognizable claim for deliberate indifference to

18  his serious medical needs.

19         **B.    Conspiracy Claim**

20         Plaintiff claims that he was the target of a conspiracy to be subjected to cruel and unusual

21  punishment. This allegation will be construed as a claim of conspiracy to violate his constitutional

22  rights under 42 U.S.C. § 1983. To state such a claim a plaintiff must state specific facts to support

23  the existence of the claimed conspiracy. Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929

24  (9th Cir. 2004) (internal quotation and citation omitted). Conclusory allegations of conspiracy are

25  not enough to support a § 1983 conspiracy claim. Burns v. County of King, 883 F.2d 819, 821 (9th

26  Cir. 1989). Rather, a plaintiff must plead with particularity which defendants conspired, how they

27  conspired, and how the conspiracy led to a deprivation of the plaintiff's constitutional rights. Harris

28  v. Roderick, 126 F.3d 1189, 1195-96 (9th Cir. 1997). To prove a conspiracy under § 1983, an

United States District Court
For the Northern District of California

1    "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown."

2    Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).

3           Plaintiff claims that Defendants Silva, Whisenhunt, Holman, Javate, Saathoff, Lauber,

4    Amaya, and Verdesoto conspired to terminate his "narcotic" medication in order to subject him to

5    "cruel and unusual punishment." (Compl. at 17.) Plaintiff makes mere conclusory statements that

6    the aforementioned Defendants wrongfully accused him of abusing a controlled substance and then

7    altered the results of his drug test in order to inflict "cruel and unusual punishment" on him by

8    terminating his "narcotic" medication. (Id. at 17-19.) Such a claim is conclusory because Plaintiff

9    has presented no facts from which such a conclusion might be drawn. Although Plaintiff is not

10   required to plead his evidence "or specific factual details not ascertainable in advance of discovery,"

11   Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987), a

12   pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions.

13   See Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976); Fisher v. Flynn, 598 F.2d

14   663, 665 (1st Cir. 1979). A complaint that fails to state the specific acts of the defendant which

15   violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of

16   Civil Procedure. See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

17   Furthermore, Plaintiff alleges no facts showing an agreement or meeting of the minds among

18   Defendants Silva, Whisenhunt, Holman, Javate, Saathoff, Lauber, Amaya, and Verdesoto to

19   conspire against him.

20          Accordingly, Plaintiff's conspiracy claim against the aforementioned Defendants is

21   DISMISSED with leave to amend because he has failed to present a cognizable claim for relief. If

22   Plaintiff can in good faith assert facts which support a claim of conspiracy against the named

23   Defendants he may file an amendment to the complaint so alleging, as directed below.

24          **C.       Supervisory Liability Claim**

25          Plaintiff claims the following Defendants are liable as supervisors: Defendants Grounds,

26   Ellis, and Sepulveda. The Court assumes that Plaintiff bases his claim against Defendant Grounds,

27   the CTF warden, on an overall responsibility of ensuring that the CTF medical staff is not

28   deliberately indifferent to the serious medical needs of inmates. Plaintiff does not elaborate on how

4

United States District Court
For the Northern District of California

1  he bases his claim against the remaining supervisory Defendants, who are CMOs at CTF.

2  Moreover, these Defendants are not linked specifically to the allegations in the body of the

3  complaint.

4      Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show

5  that the defendant proximately caused the deprivation of a federally protected right.  See Leer v.

6  Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th

7  Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he

8  does an affirmative act, participates in another's affirmative act or omits to perform an act which he

9  is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844

10 F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and

11 responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

12 constitutional deprivation.  See id.  Sweeping conclusory allegations will not suffice; the plaintiff

13 must instead "set forth specific facts as to each individual defendant's" deprivation of protected

14 rights.  Leer, 844 F.2d at 634.

15     A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the

16 constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful

17 conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th

18 Cir. 1991) (en banc) (citation omitted).  Here, Plaintiff has alleged neither.

19     Accordingly, Plaintiff's supervisory liability claims against Defendants Grounds, Ellis and

20 Sepulveda are DISMISSED with leave to amend.  Plaintiff may file an amendment to the complaint

21 alleging supervisory liability, as directed below.

22     **D.**     **Claim Against Doe Defendants**

23     Plaintiff identifies "1-50 John or Jane Doe defendants" whose names he intends to learn

24 through discovery.  The use of Doe Defendants is not favored in the Ninth Circuit.  See Gillespie v.

25 Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants

26 cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity

27 through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.

28 See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against

"1-50 John or Jane Doe defendants" are DISMISSED from this action without prejudice. Should Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**III.    Motion for Appointment of Counsel**

On February 15, 2012, Plaintiff filed a motion with the Court requesting appointment of counsel to represent him in this action. He claims that he cannot litigate this action on his own behalf because he is a layperson untrained in law and is an indigent person unable to pay for the service of counsel. (Docket. no. 6.)

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel at this time is DENIED. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings, that is, after Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to agree to represent Plaintiff pro bono.

**IV.    Motion for Leave to Amend the Complaint as to Damages**

In the complaint, Plaintiff seeks $2,000,000 in compensation, $1,000,000 for "pain, suffering, and inconvenience" and $1,000,000 for "emotional distress," as well as unlimited punitive damages. (Compl. at 4.) However, in a motion for leave to amend the complaint filed on February 28, 2012, Plaintiff requests that his prayer for relief be amended to seek damages according to proof as well as attorney's fees. (Docket no. 8.) Therefore, the Court GRANTS the motion for leave to amend the complaint.

United States District Court
For the Northern District of California

1

2                                                    **CONCLUSION**

3              For the foregoing reasons, the Court orders as follows:

4              1.        Plaintiff has stated a cognizable claim that Defendants Javate and Saathoff acted with

5     deliberate indifference towards his serious medical needs.

6              2.        Plaintiff's claim that Defendants Silva, Whisenhunt, Holman, Javate, Saathoff,

7     Lauber, Amaya, and Verdesoto conspired to subject him to cruel and unusual punishment in

8     violation of his constitutional rights is DISMISSED with leave to amend.

9              3.         Plaintiff's supervisory liability claim against Defendants Grounds, Ellis, and

10    Sepulveda is DISMISSED with leave to amend.

11             4.        Within **twenty-eight (28) days** of the date of this Order Plaintiff may file amended

12    conspiracy and supervisory liability claims as set forth above in Sections II(B) and (C) of this Order.

13    (Plaintiff shall resubmit only his conspiracy and supervisory liability claims and not the entire

14    complaint.)  The failure to do so will result in the dismissal without prejudice of the conspiracy and

15    supervisory liability claims against the aforementioned Defendants.

16             5.        Plaintiff's claims against the Doe Defendants are DISMISSED from this action

17    without prejudice.

18             6.        The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of

19    Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all

20    attachments thereto (docket no. 1), and a copy of this Order to **Defendants CTF Physician Rosana**

21    **Lim Javate and CTF Nurse Practitioner Saathoff.**  The Clerk of the Court shall also mail a copy

22    of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.

23    Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

24             7.        Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

25    them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant

26    to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of

27    Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of

28    such service unless good cause be shown for their failure to sign and return the waiver form.  If

service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty-three (63) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty-three (63) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

8.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.     No later than **ninety-one (91) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty-three (63) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions,

answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.       Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

d.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9.       Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

10.      All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

11.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

12.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

United States District Court
For the Northern District of California

13.     Plaintiff's request for appointment of counsel (docket no. 6) is DENIED.

14.     Plaintiff's motion for leave to amend the complaint as to damages (docket no. 8) is GRANTED.

15.     The Court notes that only Defendants Grounds, Whisenhunt, and Javate are listed as named Defendants in this action; therefore, it directs the Clerk to add Defendants Silva, Holman, Ellis, Sepulveda, Saathoff, and Lauber as named Defendants.

16.     Plaintiff's motion for leave to amend the complaint to add Defendants Amaya and Verdesoto as named Defendants (docket no. 5) is GRANTED.  The Clerk is directed to add Defendants Amaya and Verdesoto as named Defendants in this action.

17.      Plaintiff's "Request[] [For] Info[rmation] On Outstanding Civil Case Numbers" (docket no. 12), which has been construed as a request to screen the complaint, is GRANTED.

18.     This Order terminates Docket nos. 5, 6, 8, and 12.

DATED:   6/14/12

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California

1

2

3

4    UNITED STATES DISTRICT COURT
     FOR THE
5    NORTHERN DISTRICT OF CALIFORNIA

6    MICHAEL ALAN YOCOM,
                                          Case Number: CV11-04738 SBA
7              Plaintiff,
                                          **CERTIFICATE OF SERVICE**
8        v.

9    RANDY GROUNDS et al,

10             Defendant.
     _____/
11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.
13
     That on June 15, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
14   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
     envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15   located in the Clerk's office.

16

17   Michael Alan Yocom K-22960
     CTF-Soledad State Prison
18   Central
     P.O. Box 689
19   Soledad, CA 93960-0689

20   Dated: June 15, 2012

21                                        Richard W. Wieking, Clerk
                                          By: Lisa Clark, Deputy Clerk
22

23

24

25

26

27

28

*(left margin, vertical text)* **United States District Court** / For the Northern District of California