|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| OAKLAND DIVISION | |

| | |
|---|---|
| MICHAEL ALLEN YOCOM, | Case No: C 11-4738 SBA (pr) |
| Plaintiff, | **ORDER CERTIFYING THAT PLAINTIFF'S APPEAL IS NOT TAKEN IN GOOD FAITH UNDER 28 U.S.C. § 1915(a)(3)** |
| vs. | |
| ROSANA LIM-JAVATE, et al., | |
| Defendants. | |

This is a prisoner action under 42 U.S.C. § 1983 brought by Plaintiff Michael Allen Yocom, who alleged that Defendants Dr. Rosana Lim-Javate and Nurse Practitioner Patricia Saathoff were deliberately indifferent to his serious medical needs while he was incarcerated at the Correctional Training Facility in Soledad, California.[1] On September 30, 2013, the Court granted Defendants' motions for summary judgment and entered judgment for Defendants. Dkt. 57, 58.[2] On November 5, 2013, Plaintiff filed a Notice of Appeal. Dkt. 59. The Court construes his Notice of Appeal as a request to proceed in forma pauperis (IFP) on appeal.

A litigant who was previously permitted to proceed IFP may maintain such status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. Fed. R. App. P. 24(a)(3)(A). Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

---

[1] Plaintiff is no longer incarcerated.

[2] The order and judgment were entered into the docket on October 9, 2013.

Having reviewed the record in this action, the Court finds that Plaintiff's appeal is not taken in good faith. To establish a claim for deliberate indifference to serious medical needs, the plaintiff must show (1) "a serious medical need by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted). The second prong of this standard "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. "Deliberate indifference is a high legal standard." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). The mere difference of medical opinion is insufficient to establish deliberate indifference. Id.

Here, the record firmly established that both Defendants provided consistent and constitutionally appropriate medical care in response to Plaintiff's complaints of neck/cervical pain. Plaintiff, who has a history of substance abuse, complained that Defendant Saathoth improperly discontinued his narcotic pain medication. However, the record shows that she did so only after considering evidence, inter alia, that that he was not complying with his treatment plan and diverting his medication for improper purposes. In addition, she carefully transitioned Plaintiff to other pain therapies over the course of several months. As for Defendant Javate, the record established that during the month that she treated Plaintiff, she provided him with a Toradol injection to relieve his pain in lieu of treatment with narcotics. Though Plaintiff preferred narcotic pain medication, Dr. Javate concluded that he was not suited for such treatment given his patient and medical history. While Plaintiff may disagree with Nurse Saathoth and Dr. Javate's course of treatment, such disagreement does not demonstrate deliberate indifference. Wilhelm, 680 F.3d at 1122. Even if Defendants had violated Plaintiff's constitutional rights, Defendants' actions were protected under the doctrine of qualified immunity.

1  Accordingly, the Court certifies that Plaintiff's appeal is not taken in good faith, and
2  therefore, leave to proceed IFP on appeal is DENIED.  Plaintiff may submit a request to
3  proceed IFP on appeal with the Ninth Circuit Court of Appeals.  The Clerk shall serve a
4  copy of this Order on the Ninth Circuit.
5  IT IS SO ORDERED.
6  Dated:  November 5, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge